FREDERICK SCHILL & CO., PROSECUTOR, v. OLUF R. LARSEN, RESPONDENT.

Argued October 2, 1946—Decided January 27, 1947.

Before Justices PARKER and DONGES.

For the prosecutor, *Laurence Semel.*

For the respondent, *Kaplon, Alenick & Kaplon.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review a certain order of the District Court of the Essex County Judicial District setting aside a levy made under execution out of said court and restraining any further steps looking toward the collection of the sum due upon a judgment of that court.

Plaintiff, Frederick Schill & Co., had judgment against the defendant, Oluf R. Larsen, in the Orange District Court (now superseded by the District Court of the Essex County Judicial District) in the sum of $220.92 and costs, on November 18th, 1936. On August 16th, 1938, the defendant Larsen filed a petition in bankruptcy, and on January 19th, 1939, the United States District Court for the District of New Jersey made an order discharging him from bankruptcy.

In the schedule of debts accompanying the petition filed by the defendant appeared the following: "Fred Schill & Co. Irvington, N. J. Judgment $250.00." The question presented for determination on this writ of *certiorari* is whether or not this was a due scheduling of the debt so as to result in its discharge by virtue of the bankruptcy proceedings. The District Court Judge, in making the order under review, held that it was. The plaintiff-prosecutor contends that it was not.

The proof on behalf of the plaintiff, from its officers, is to the effect that no notice was received by it of the bankruptcy proceeding, and that actual knowledge of such proceeding never came to the corporation. There is in evidence an

affidavit of mailing, made by an employee of the referee in bankruptcy, to the effect that she mailed notices of the first meeting of the creditors of the bankrupt to the list of creditors annexed to said affidavit, amongst whom appears the name of the plaintiff together with the address as given above. Clearly the case resolves itself into one of the sufficiency of the listing of the name and address of the plaintiff in the schedule so as to discharge the debt under 11 *U. S. C. A.,* § 35, which provides:

"A discharge in bankruptcy releases a bankrupt from all provable debts except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

The holding of the cases is that the correct name of the creditor must be stated, if it is known, together with his correct address, if it is known, and if not known that fact should be stated. *Continental Purchasing Co.* v. *Norelli,* 133 *N. J. L.* 550; *affirmed,* 135 *Id.* 93.

It is contended that the listing "Fred Schill & Co." is an incorrect and insufficient listing of the corporate name of "Frederick Schill & Co.," but we deem this to be an unimportant and insignificant deviation from the precise corporate name. The use of the abbreviated "Fred" in place of the full name of "Frederick" is not a substantial deviation nor one to invalidate the listing.

Reliance is had upon the above cited case of *Continental Purchasing Co.* v. *Norelli,* but the factual situation there was quite different from that presented here. There the original creditor was listed in the schedule and notice to it was returned undelivered by the post office. Further search disclosed the assignment of the judgment to Continental Purchasing Company. The schedule was amended to include that company, but the address given was that of an attorney who had appeared for it. This was held to be insufficient.

The principal complaint made herein is that the statement of the address as "Irvington, New Jersey," was not a due scheduling because prosecutor's address is "782-784 Spring-

field Avenue, Irvington, New Jersey." We deem this to be a sufficient statement of the address under the cases.

In *Kreitlein* v. *Ferger*, 238 *U. S.* 21; 59 *L. Ed.* 118, where a creditor was listed as "C. Ferger, Indianapolis, Inda.," it was held "This objection (as to use of initial and omission of street address in the schedule) is more difficult of solution than any of the others presented before this court. But like them must be considered in the light of the fact that the statute was intended for business men and should receive not only a practical but a uniform construction. * * * considering that the act does not expressly require the street address to be stated or the residence to be given unless known, and giving proper legal effect to the order of discharge, we hold that a schedule listing the creditor's residence as Indianapolis is, at least, *prima facie* sufficient."

In this state, in the case of *Claflin* v. *Wolff*, 88 *N. J. L.* 308, the listing was "H. B. Claflin & Company New York City." The Court of Errors and Appeals held this to be a sufficient statement of the address for a due scheduling of the debt. And more recently, in *Freedman* v. *Cooper*, 126 *Id.* 177, where the listing was "Michael Freedman Newark, New Jersey," Chief Justice Case said, "Because a bankruptcy schedule states the name of a creditor and gives a city, even a large city, as his address, without particularity of street or number, does not necessarily mean that the creditor's debt is not duly scheduled. * * * We must assume that the referee in bankruptcy fulfilled his duty and sent the notice. There is no proof that the notice came back to him undelivered."

In the present case there is proof of the mailing of the notice, no proof of its return undelivered, and, although prosecutor's officers deny actual personal receipt of such notice, there is their admission that mail addressed to prosecutor at "Irvington, New Jersey," without street address, might very likely be delivered. It is to be noted that Irvington is a much smaller municipality than Indianapolis, New York or Newark.

Under these authorities, we reach the conclusion that the debt owing to prosecutor from the defendant was duly

scheduled in the petition in bankruptcy and was discharged in that proceeding, which results in an affirmance of the order and dismissal of the writ of *certiorari,* with costs.